UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| GLENN STEIN, MARSHA STEIN, individually and on behalf of Rebekah Paige Stein and Aleah Stein, minors, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No: 1:08-CV-142 ) ) |
| PHILLIP SHANE SPARKS, and SAMANTHA SPARKS, | ) ) ) Chief District Judge Curtis L. Collier |
| Defendants. | ) ) |

## **MEMORANDUM**

Before the Court is a motion to dismiss for failure to state a claim upon which relief can be granted, which was filed by Defendant Samantha Sparks (Court File No. 5). As explained below, the Court will **DENY** the motion as to liability for Aleah Stein's negligence and **GRANT** the motion as to liability for Phillip Sparks's negligence.

### I. FACTUAL BACKGROUND

The dispute arises out of an incident with a golf cart, which took place in Apison, Tennessee, on June 27, 2007 (Court File No. 3 ¶ 1). Plaintiffs Glenn and Marsha Stein, individually and on behalf of their minor daughters, Rebekah and Aleah Stein, allege that Defendant Phillip Sparks took Aleah and Rebekah along with other children on a ride in his golf cart (Court File No. 3 ¶ 6). While Aleah was driving, Rebekah was thrown from the golf cart and sustained injuries (Court File No. 3 ¶¶ 7-10). Plaintiffs allege the negligence of Defendants Phillip and Samantha Sparks, who are husband and wife (Court File No. 6 at 4), caused the injuries and seek compensatory and punitive

damages (Court File No. 3 ¶¶ 16-24). Defendant Samantha Sparks filed a motion to dismiss the case against her, arguing that the complaint failed to allege facts upon which relief could be granted (Court File No. 5).

## II.     STANDARD OF REVIEW

When reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff, *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998), accept the complaint's factual allegations as true, *Broyde v. Gotham Tower, Inc.*, 13 F.3d 994, 996 (6th Cir. 1994), and determine whether plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (May 21, 2007). In deciding a motion to dismiss, the question is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support the claims. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002). At the same time, bare assertions of legal conclusions are insufficient, and the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Unsupported allegations and legal conclusions "masquerading as factual conclusions" are not sufficient. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

## III.    DISCUSSION

The issue presented by this motion is whether claims of mere ownership are sufficient to allege vicarious liability at the pleading stage. While Plaintiffs' complaint does not claim direct

negligence on the part of Samantha Sparks, Plaintiffs assert she is a joint owner of the golf cart involved in the accident and, as such, is vicariously liable for the negligence of Phillip Sparks and Aleah Stein (Court File No. 11 at 3). Plaintiffs argue it is the "recognized doctrine of imputed negligence under Tennessee law" that the "negligence of a vehicle owner's agent can be imputed to an absentee owner" (Court File No. 11 at 1-2). Defendant Samantha Sparks asserts the Tennessee imputed negligence doctrine does not apply in this situation and she would also not be liable under other theories of vicarious liability, such as the Tennessee family purpose doctrine (Court File No. 14 at 1-3).

### A. Vicarious Liability for Aleah Stein

Plaintiffs allege the absent owner of a vehicle can be liable for the negligence of the vehicle's operator, even without direct negligence by the owner. The law applicable to this case is Tenn. Code Ann. § 55-10-311, which provides:

> In all actions for injury to persons and/or to property caused by the negligent operation or use of any automobile, auto truck, motorcycle, or other motor propelled vehicle within this state, proof of ownership of such vehicle shall be prima facie evidence that the vehicle at the time of the cause of action sued on was being operated and used with authority, consent and knowledge of the owner.

The statute creates a rebuttable presumption of an agency relationship that would make the owner of the vehicle vicariously liable for the negligence of the operator. The golf cart is certainly a "motor propelled vehicle" and the complaint alleges that the injury occurred in Tennessee (Court File No. 3 ¶ 1). Therefore, the statute applies to the facts of this case and, since the complaint alleges ownership, it states a claim upon which relief can be granted as to Aleah Stein's negligent operation of the golf cart. Rebutting the presumption of agency would require the Court to look at evidence outside the pleadings, so Plaintiffs' allegations that Defendant Samantha Sparks owns the

3

golf cart are sufficient to withstand a Fed. R. Civ. P. 12(b)(6) motion to dismiss. Thus, the Court will **DENY** the motion to dismiss the claims against Defendant Samantha Sparks as to liability for Aleah Stein's negligence.

### B. Vicarious Liability for Phillip Sparks

The question remains whether ownership is sufficient to allege vicarious liability for the negligent conduct of Phillip Sparks. Each of the various theories of vicarious liability is based on an agency relationship. At its heart, an agency relationship is one in which "one person acts for or represents another." *White v. Revco Disc. Drug Ctrs.*, 33 S.W.3d 713, 723 (Tenn. 2000) (quoting *Harben v. Hutton*, 739 S.W.2d 602, 606 (Tenn. Ct. App. 1987)). The determination of whether agency exists "is a question of fact under the circumstance of the particular case." *Id.* at 724 (quoting *McCay v. Mitchell*, 62 S.W.2d 710, 715 (Tenn. Ct. App. 1970)).

However, even where an agency relationship exists, the principal is not always liable for the negligent actions of the agent. The Supreme Court of Tennessee explained that "as a general rule . . . a principal is not liable for harm caused by the negligent act of his agent, over whom he has no control." *Cole v. Woods*, 548 S.W.2d 640, 648 (Tenn. 1977). Tennessee law holds the principal liable when the agent's actions are within the scope of the agent's authority and the agent is acting under the direction, consent, and control of the principal. *White v. Revco Discount Drug Ctrs.* 33 S.W.3d 713 (Tenn. 2000); *Terrett v. Wray,* 105 S.W.2d 93 (Tenn. 1937). Here, Plaintiffs have not alleged that Samantha Sparks authorized Phillip Sparks to act on her behalf or that she directed or controlled his actions. Thus, the complaint is insufficient for the Court to infer Samantha Sparks and Defendant Phillip Sparks created an agency relationship that would make Defendant Samantha Sparks liable for her husband's negligence.

The family purpose doctrine is an extension of agency theory that holds the head of the household "liable for the negligence of any member of the family driving the vehicle, provided the driver received express or implied consent." *Camper v. Minor*, 915 S.W.2d 437, 447 (Tenn. 1996). Two requirements must be met before the family purpose doctrine will apply: first, the head of the household must "maintain an automobile for the purpose of providing pleasure or comfort for his or her family," and second, the driver must have been using the motor vehicle "in furtherance of that purpose with the permission, either express or implied, of the owner." *Id.* (quoting *Redding v. Barker*, 230 S.W. 2d 202, 205 (Tenn. Ct. App. 1950)). Even assuming a golf cart would be covered by this doctrine, the negligence of a passenger, or even the negligent driving of an unrelated minor, would not give rise to vicarious liability under the family purpose doctrine. The Court will not speculate that the elements of the family purpose doctrine have been met where the complaint does not allege facts supporting such an inference.

Thus, having exhausted all possible rationales for vicarious liability based solely on ownership, the Court is unable to find a cause of action against Defendant Samantha Sparks arising from the negligence of Phillip Sparks. The Court will **GRANT** the motion to dismiss the claims against Defendant Samantha Sparks that arise out of Phillip Sparks's negligence.

**IV       CONCLUSION**

Defendant Samantha Sparks, as the owner of the vehicle, can be held liable for the negligence of driver Aleah Stein, but not for the negligence of Phillip Sparks absent allegations supporting agency. For the foregoing reasons, the motion to dismiss filed by Defendant Samantha Sparks will be **DENIED** in part and **GRANTED** in part.

5

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

6