UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| GLENN STEIN, MARSHA STEIN, individually and on behalf of Rebekah Paige Stein and Aleah Stein, minors, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No: 1:08-CV-142 |
| PHILLIP SHANE SPARKS, and SAMANTHA SPARKS, | ) | Chief District Judge Curtis L. Collier |
| Defendants. | ) | |

**MEMORANDUM**

Before the Court are Defendant Samantha Sparks's motion for summary judgment (Court File No. 28) and Plaintiffs Glenn and Marsha Stein's ("Plaintiffs") motion to file a second amended complaint (Court File Nos. 38, 47). United States Magistrate Judge William B. Mitchell Carter filed a report and recommendations ("R&R") recommending denial of leave to file a second amended complaint (Court File No. 53), to which Plaintiffs objected (Court File No. 55). The Court has considered the motions (Court File Nos. 28, 38, 47), the responses (Court File Nos. 42, 44, 49), the replies (Court File Nos. 45, 46), the R&R (Court File No. 53), the objection to the R&R (Court File No. 55), the response to the objection (Court File No. 56), and the reply to the response (Court File No. 59). For the following reasons, the Court will **GRANT** Defendant Samantha Sparks's motion for summary judgment (Court File No. 28), will **ACCEPT** and **ADOPT** the R&R (Court File No. 53), and will **DENY** Plaintiffs leave to file a second amended complaint (Court File Nos. 38, 47). Defendant Phillip Sparks did not move for summary judgment and all claims against him will proceed to trial.

## I. RELEVANT FACTS

The case arises from an incident involving Plaintiffs' two minor children, Aleah and Rebekah Stein, and a golf cart.[1] In June 2007, Plaintiffs' minor children were visiting friends with their grandmother. Defendants Phillip and Samantha Sparks (collectively "Defendants") live in the same neighborhood as the friend. Aleah Stein was driving the golf cart, accompanied by Phillip Sparks, another minor child, and Rebekah Stein. Rebekeah Stein, who was riding in the back, fell off the golf cart and sustained injuries.

Lissa Theisler, Samantha Sparks's mother, bought the golf cart in Florida in 2004. In 2006, Lissa and Robert Theisler moved to Tennessee and temporarily lived with Defendants, bringing the golf cart with them. When the Theislers moved out, the golf cart remained at Defendants' residence until Lissa Theisler sold it in November 2007. It is undisputed Defendants stored, maintained, and used the golf cart while it was at their residence.

Plaintiffs filed a claim for personal injuries (Court File No. 3) and Defendant Samantha Sparks filed a motion to dismiss the claims against her (Court File No. 5). The Court granted the motion in part, denying the motion only as to claims stemming from Aleah Stein's negligence due to Samantha Sparks's alleged ownership of the golf cart (Court File No. 18). Samantha Sparks then filed a motion for summary judgment on the claims against her and Plaintiffs filed a motion to amend the complaint to assert a bailment theory of liability.

---

[1]Although Aleah and Rebekah Stein are minors, since Plaintiffs have failed to redact their names and use initials, the privacy protections are waived pursuant to Fed. R. Civ. P. 5.2(h).

## II. STANDARDS OF REVIEW

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party must demonstrate no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). That is, the moving party must provide the grounds upon which it seeks summary judgment, but does not need to provide affidavits or other materials to negate the non-moving party's claims. *Celotex*, 477 U.S. at 323. The Court views the evidence, including all reasonable inferences, in the light most favorable to the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). However, the non-movant is not entitled to a trial based solely on its allegations, and must submit significant probative evidence to support its claims. *Celotex*, 477 U.S. at 324; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The moving party is entitled to summary judgment if the non-movant fails to make a sufficient showing on an essential element for which it bears the burden of proof. *Celotex*, 477 U.S. at 323. In short, if the Court concludes a fair-minded jury could not return a verdict in favor of the non-movant based on the record, the Court may enter summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

This Court must conduct a *de novo* review of those portions of the R&R to which objection is made. 28 U.S.C. § 636(b)(1)(C). When a party wishes to amend its pleading after a responsive pleading has been filed, it must seek leave of the Court. Fed. R. Civ. P. 15(a). Normally such leave

to amend is freely given when justice so requires. *Id*. In deciding whether to permit an amendment, the Court considers:

> Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision. Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted.

*Brooks v. Celeste,* 39 F.3d 125, 130 (6th Cir. 1994) (citations omitted).

## III. DISCUSSION

### A. Summary Judgment

Samantha Sparks moves for summary judgment, contending the record does not demonstrate any basis for her liability. Plaintiffs contend Samantha Sparks is liable as an owner of the vehicle or, alternatively, as a bailee of the golf cart. According to Plaintiffs, Samantha and Phillip Sparks were co-bailees of the golf cart and when Phillip Sparks entrusted the operation of the vehicle to Aleah Stein, whose driving caused Rebekah Stein to fall off the golf cart, Samantha Sparks was liable for Phillip Sparks's negligent entrustment. Each theory of liability will be addressed in turn.

#### 1. Ownership

In the order granting in part Samantha Sparks's motion to dismiss, the Court held Samantha Sparks was not liable for Phillip Sparks's negligence and the only basis for liability for Aleah Stein's negligence was the alleged ownership of the vehicle by Samantha Sparks. Plaintiffs allege the ownership of the golf cart is in dispute whereas Samantha Sparks contends Lissa and Robert Theisler owned the vehicle at the relevant time.

Under Tennessee law, proof of ownership is prima facie evidence of an agency relationship

between the owner and the driver. Tenn. Code Ann. § 55-10-311 provides:

> In all actions for injury to persons and/or to property caused by the negligent operation or use of any automobile, auto truck, motorcycle, or other motor propelled vehicle within this state, proof of ownership of such vehicle shall be prima facie evidence that the vehicle at the time of the cause of action sued on was being operated and used with authority, consent and knowledge of the owner.

In order for the statute to apply and shift the burden of proving the lack of an agency relationship to a defendant, the plaintiff must prove ownership. Registration is prima facie evidence of ownership, although neither party has alleged the golf cart was registered. Tenn. Code Ann. § 55-10-312. The only issue for summary judgment is whether a genuine issue of material fact exists as to Samantha Sparks's ownership of the golf cart.

As Plaintiffs note, Tennessee follows the general rule "a rebuttable presumption of ownership arises from possession of property." *Induction Techs. Inc. v. Justus*, 295 S.W.3d 264, 266 (Tenn Ct. App. 2008); *see also Park v. Harrison*, 27 Tenn. 412 (8 Hum. 412) (1847) ("If [an individual] was found in possession of the property in controversy, the law presumes him the owner; but that presumption would, of course, yield to sufficient proof, and any proof would be sufficient if it produced belief in the minds of the jury that the title was in another." (internal quotation marks omitted)); *Hanes v. Peck's Lessee*, 8 Tenn. 227 (1 Mart. & Yer. 228) (1827) (holding a jury could presume, in absence of other evidence, long continued and uninterrupted possession showed a legal grant of ownership existed). This case, however, is factually similar to *Forman v. Washington*, 3 Tenn. App. 567 (Tenn. Ct. App. 1926), where the court held the husband was not liable for the negligent acts of his wife, who was in possession of the automobile at the time of the accident. There, as here, the spouse was not present at the accident. At the relevant time, the golf cart was in the possession of Phillip Sparks, not Samantha Sparks. As in *Forman*, "there is no evidence by

inference or presumption showing that [Samantha Sparks] was the owner" of the golf cart. 3 Tenn. App. at 571. The record shows Lissa and Robert Theisler purchased the golf cart, brought it with them from Florida when they temporarily lived with Defendants, allowed Defendants equally to personally use the golf cart without asking permission, and sold the golf cart after the accident (Court File No. 44, Exs. 1, 2). Plaintiffs have not demonstrated a factual dispute as to Samantha Sparks's ownership of the golf cart.

Since Plaintiffs have failed to point to a factual dispute as to Samantha Sparks's ownership of the vehicle, the statute does not apply and the burden remains on Plaintiffs to demonstrate an agency relationship between Samantha Sparks and the driver of the vehicle, Aleah Stein, which Plaintiffs have not attempted to prove. Thus, Samantha Sparks is entitled to summary judgment on the claims against her stemming from Aleah Stein's negligence.

**2. Bailment**

Plaintiffs contend a bailment existed between Defendants and Lissa and Richard Theisler whereby Samantha Sparks can be held liable for the alleged negligence of co-bailee Phillip Sparks. In the Court's ruling on Samantha Sparks's motion to dismiss, the Court determined Plaintiffs failed to allege claims against Samantha Sparks stemming from Phillip Sparks's negligence. Absent an amendment of the complaint, Plaintiffs cannot now bypass the Court's ruling by asserting a theory of liability not included in the pleadings. In addition, Plaintiffs fail to distinguish the law the Court applied in the memorandum on the motion to dismiss, which assumed co-ownership of the golf cart as alleged in the complaint. Plaintiffs cite no basis for applying different rules to co-bailees than to co-owners.

Furthermore, the cases relied on by Plaintiffs to support the theory of liability as a co-bailee

are inapplicable to this case. Plaintiffs cite no cases where Tennessee has held a co-bailee liable based solely on the individual's status as a co-bailee. In *Vaughn v. Millington Motor Co.*, 22 S.W.2d 226 (Tenn. 1929), the bailee was liable for the negligent actions of his employee, however, the bailor was only liable for his own negligence. 22 S.W.2d at 226-27. Since liability was imposed on the bailee as a result of an independent agency relationship with the driver of the vehicle, the case is readily distinguishable. Likewise, in *Siegrist Bakery Co. v. Smith*, 36 S.W.2d 80 (Tenn. 1930), the bailor was not liable for the negligence of the bailee, but the bailee was liable for the negligence of his employee. These cases clearly indicate Tennessee restricts imputed liability to parties who have control over the actions of the negligent party, as through an agency relationship. Plaintiffs also cite a case from Florida, *Pabon v. Interamerican Car Rental*, 715 So. 2d 1148 (Fla. Dist. Ct. App. 1998), which imposed liability on a bailee who entrusted a vehicle to a sub-bailee, who then negligently entrusted the vehicle to an unauthorized party. Such liability was imposed under the Florida dangerous instrumentality doctrine, which is "based 'upon the doctrine of respondeat superior arising from a principal and agent relationship implied in law.'" *Id.* at 1150 (citing *May v. Palm Beach Chemical Co.*, 77 So. 2d 468, 472 (Fla. 1955)). Even assuming Tennessee would find the Florida case persuasive, nothing on the record indicates Phillip Sparks required Samantha Sparks's permission to use the golf cart or she entrusted the golf cart to him.

Even if the Court were to allow Plaintiffs to assert a bailment theory of liability, it would not support a claim against Samantha Sparks. Since Plaintiffs show no dispute as to any material fact regarding Samantha Sparks's liability, she is entitled to summary judgment on all claims against her and will be dismissed from the case.

**B. Motion to Amend the Complaint**

Plaintiffs move to amend the complaint and add a bailment theory of liability against Samantha Sparks. The deadline for amending the pleadings was February 13, 2009 (Court File No. 15). The magistrate judge recommended the motions to amend the complaint be denied since the amended complaint would also fail to sufficiently state a claim against Samantha Sparks and the Plaintiffs failed to show good cause for amending the complaint after the deadline. Plaintiffs objected to the R&R.

As analyzed above, the Court finds Samantha Sparks cannot be held liable as a co-bailee and, therefore, any amendment to the pleadings would fail to state a claim against her. Plaintiffs assert Samantha Sparks could be held liable as a co-bailee under the family purpose doctrine. The Court analyzed this doctrine in the memorandum accompanying the order on the motion to dismiss and found the allegations in the complaint did not support a claim under the doctrine. The proposed amended complaint fails to remedy the deficiencies previously noted by the Court. Since the proposed amendment is futile, the Court will accept and adopt the R&R and will deny the motions to amend the pleadings.

## IV. CONCLUSION

As discussed, the Court will **GRANT** Samantha Sparks's motion for summary judgment (Court File No. 28) and will **DISMISS** her from the lawsuit. The Court will also **ACCEPT** and **ADOPT** the R&R (Court File No. 53) and will **DENY** Plaintiffs' motions to amend the complaint (Court File Nos. 38, 47).

An Order shall enter.

***/s/***
**CURTIS L. COLLIER**

**CHIEF UNITED STATES DISTRICT JUDGE**